UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL JEROME TROTTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:25-cv-0810-MTS |
| DONNA MCMASTERS, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. [3]. Because Plaintiff has failed to submit a *certified* copy of his inmate account statement, the Court will deny Plaintiff's Application without prejudice. *See* 28 U.S.C. § 1915(a)(2). Plaintiff must file a new application supported by a *certified* copy of his account statement, or prepay the $405 filing fee in full, no later than March 4, 2026.

The Court warns Plaintiff that his statements on the application are made under penalty of perjury.[1] The Court notes that in seeking to proceed in this matter without prepaying fees or costs Plaintiff's original Application indicated that "[i]n the past 12 months," he had no "pay or wages" and had not "received income" from "[g]ifts or inheritances" or from *any* "other sources." *Id.* Additionally, he indicated that he had no money "in cash" or "in a checking or savings account." *Id.* Despite these representations Plaintiff's (uncertified) inmate account statement shows a regular payroll deposit. Doc. [4]. These regular deposits are irreconcilable with Plaintiff's representations that he has had *no* wages, gifts, or income from *any* source within the last twelve months.

---

[1] *See* 28 U.S.C. § 1621 (punishing perjury with a fine and imprisonment of up to five years).

If Plaintiff chooses to file another application, Plaintiff must do so carefully and truthfully answer each question in its entirety. The Court admonishes Plaintiff that any future false statements on the form will result in the **dismissal of this action with prejudice**. *See Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990) (holding district courts have the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty); *see also, e.g.*, *Hudson v. Malone*, 4:25-cv-0189-MTS, 2025 WL 2243698, at *2 (E.D. Mo. Aug. 6, 2025).[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Daniel Jerome Trotter's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [3], is **DENIED** without prejudice. No later than **Wednesday**, **March 4, 2026**, Plaintiff shall prepay the filing fee in full or carefully complete and file a new application to proceed in district court without prepaying fees or costs along with a certified copy of his inmate account statement. Failure to do so will result in the dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [2], is **DENIED** without prejudice.

Dated this 2nd day of February 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] In addition, the Court will deny Plaintiff's Motion to Appoint Counsel. Doc. [2]. Even assuming, for purposes of this Motion, that Plaintiff is indigent, he failed to complete the form motion in its entirety. And, in any event, he has otherwise not established that appointed counsel is appropriate at this stage in this case. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (discussing the "relevant factors" a district court should consider when "determining whether to appoint counsel for an indigent civil litigant").